O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN BRIAN LEDGARD, | ) | Case No. 2-15-cv-08080-DDP |
| | ) | (CR 08-00982 DDP) |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION FOR** |
| v. | ) | **RELIEF UNDER 28 U.S.C. § 2255** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Presently before the court is Defendant/Petitioner Kevin Brian Ledgard ("Petitioner")'s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Having considered the parties' submissions, the court DENIES the Motion and adopts the following Order.

**I. BACKGROUND**

**A. Underlying Conduct**

1    The court has set forth more fully the underlying offense conduct in its written

2    "Findings of Fact and Conclusion of Law Following Bench Trial." (*See* Govt' Opp'n, Ex.

3    A.) In brief, this conviction arose out of Ledgard's actions following the end of his

4    romantic relationship with a former coworker, F.G. From the day the two broke up,

5    Ledgard engaged in a series of egregious acts aimed at F.G. Over the course of

6    approximately a month, Ledgard sent harassing communications to F.G and her family;

7    hacked into F.G.'s bank, email, and Amazon accounts; made unauthorized purchases and

8    sent checks in F.G.'s name; and distributed sexually explicit photos of F.G. to her friends,

9    family, coworkers, the admissions director for a university to which she applied, and a

10   man she had begun dating.

11       **B.  Legal Proceedings**

12       On September 7, 2010, a federal grand jury returned an 11-count Second

13   Superseding Indictment charging Ledgard with multiple counts of unauthorized access

14   to computers, bank fraud, aggravated identity theft, and felony enhancements. The case

15   proceeded to bench trial on July 17, 2012. During the trial, the government called

16   fourteen witnesses, including F.G. Ledgard did not testify or call any witnesses. The

17   record indicates that defense counsel primarily focused on arguing that the felony

18   enhancements were unjustified as a matter of law and could not be sustained based on

19   the evidence. Specifically, Ledgard's counsel filed a motion to dismiss all felony charges

20   for failure of proof, which the parties fully briefed. (Gov't Opp'n, Exs. D, E, F.) On

21   August 31, 2012, the court held a hearing on Ledgard's motion, which also served as

22   closing arguments for the bench trial. (*Id.*, Ex. G.) After extensive argument, the Court

23   granted the motion as to the bank fraud counts—thus acquitting Ledgard on these

24   counts—but denied the motion as to the remaining felony counts. (*Id.*) Following a bench

25   trial before this Court, Ledgard was convicted of three counts of unauthorized access to

26   the computer of a financial institution in violation of 18 U.S.C. §§ 1030(a)(2)(A),

27   (c)(2)(B)(ii) (Counts One through Three); two counts of unauthorized access to a

28   protected computer in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii) (Counts Four

and Five); and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts Nine through Eleven). *See Legard v. United States*, 2:08-cr-00982-DDP (C.D. Cal. Sept. 12, 2012) (Dkt. 198). On December 14, the court sentenced Ledgard to 25 months imprisonment and three years supervised release.

Ledgard appealed and the Ninth Circuit affirmed the conviction and sentence on August 7, 2017. *United States v. Ledgard*, 583 F. App'x 654 (9th Cir. 2014). The court of appeals concluded that the evidence was sufficient to meet the elements of the convicted counts. On October 14, 2015, Ledgard timely filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel by trial counsel and constitutional due process violations.

## II. LEGAL STANDARD

A defendant may be entitled to relief under Section 2255 if the sentence imposed: (1) violated the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief," a resolution may be reached without an evidentiary hearing. 28 U.S.C. § 2255(b); *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (district court may deny a Section 2255 motion where movant's allegations "are so palpably incredible or patently frivolous as to warrant summary dismissal." (quotation and citation omitted)). When a petitioner alleges ineffective assistance of counsel, an evidentiary hearing is necessary only if, assuming the petitioner's factual allegations as true, the ineffective assistance of counsel claim could prevail. *U.S. v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

## III. DISCUSSION

### A.     Ineffective Assistance of Counsel

Ledgard first ground for seeking habeas relief is that his trial counsel failed to provide effective assistance of counsel in violation of his Sixth Amendment rights. Under the Sixth Amendment, all criminal defendants enjoy the right to effective assistance of

3

counsel. *Strickland v. Washington*, 466 U.S. 668, 686-700 (1984). In *Strickland*, the Supreme Court held that in order to show ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance was deficient and fell below an objective standard of reasonableness and (2) the defendant was prejudiced as a result and deprived of a fair trial. *Id.* at 687. In assessing counsel's performance, courts must presume that counsel's conduct and trial strategy "falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

In support of his ineffective assistance of counsel ("IAC") claim, Ledgard identifies a number of occasions where his counsel allegedly rendered deficient performance. Although each of these instances will be discussed in greater detail below, the court notes that an overall issue with Ledgard's IAC claim is its lack of specificity. As the Ninth Circuit has explained, "[a]lthough section 2255 imposes a fairly lenient burden on the petitioner, the petitioner is nonetheless 'required to allege specific facts which, if true, would entitle him to relief.'" *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)). Here, the lack of clarity in Ledgard's petition as to the precise facts that substantiate his IAC claim—for instance, the specific deficiencies of counsel's conduct, what might have been done differently, why that might have resulted in a different outcome—counsel against granting Ledgard's motion. *See Shah v. U.S.*, 878 F.2d 1156, 1161 (9th Cir. 1989) (noting that vague and conclusory allegations of ineffective assistance of counsel in § 2255 motion did not provide a basis for the district court to hold an evidentiary hearing); *see also Palomino v. Cambra*, 225 F.3d 663 (9th Cir. 2000) (affirming district court's dismissal of § 2255 petition on grounds that IAC claims "were too vague to demonstrate deficient performance or prejudice").

As to the specific claims, Ledgard first asserts that his counsel "refused to heed [his] repeated, detailed wishes that he mount an adequate defense" and that counsel's efforts reflected "a complete absence of trial preparation." (Mot. 5.) This conclusory claim does not meet either prong of *Strickland*. There is no explanation of what was objectively

4

1  unreasonable about counsel's preparation or the defense that was presented nor is there

2  any explanation of what prejudice Ledgard suffered.

3  Ledgard also claims that, three days before trial, he received a phone call from his

4  attorney indicating that counsel "unilaterally decided to pursue a different course in his

5  defense" and abandon the strategy that the two had previously developed. (Reply 2.)

6  While it is possible that defense counsel's strategy at trial did not reflect Ledgard's

7  preferred approach, that is not the standard under which *Strickland* claims are evaluated.

8  Instead, it is well-settled that "[t]actical decisions that are not objectively unreasonable do

9  not constitute ineffective assistance of counsel." *Hensly v. Crist*, 67 F.3d 181, 185 (9th Cir.

10  1995). Ledgard does not specify what strategy he and his counsel had previously agreed

11  upon nor does he explain why this undisclosed strategy would have been more effective

12  than the tactical approach adopted by counsel. From the record, it appears that counsel's

13  primary strategy was to contest the legal viability of certain felony counts. In light of the

14  extensive evidence presented by the government, including detailed email records and

15  testimony from fourteen witnesses, it was not objectively unreasonable for defense

16  counsel to focus on challenging the legal predicates for certain charges rather than, say,

17  denying the narrative account presented by the government.

18  Ledgard next claims that his counsel "fail[ed] to challenge any witness for the

19  government, including several who committed perjury." (Mot. 5.) He also claims that his

20  counsel failed to make evidentiary objections about how evidence was handled. As with

21  the prior contentions, these assertions are too vague to sustain an IAC claim. Ledgard

22  does not specify which witnesses should have been challenged, what specific perjured

23  statements were made, or what evidence was "in the possession of both the

24  [government] and the defense" that should have been used to impeach testimony. Nor

25  does Ledgard explain what specific evidentiary objections should have been made. In his

26  reply, Ledgard explains that he "prepar[ed] a 15+ page memo outlining . . . specific

27  credibility issues that would render the testimony of the complaining witness, along with

28  most of the few witnesses lining up to support a self-serving report of the events in

5

question, very clearly impeachable." (Reply 3.) Even here, however, Ledgard fails to explain what specific basis for impeachment was available that his counsel failed to raise or why, assuming arguendo there was a ground for impeachment, why counsel's choice was objectively unreasonable. In his reply, the one specific tactic Ledgard question is his counsel's decision not to cross-examine an investigator for the government about whether Ledgard's computer was kept in a secure location and about an alleged incident of earlier misconduct on the part of the investigator. Thus argument, however, was raised for the first time on reply; therefore, it is not properly before the court. *See Miller v. Pacholke*, No. C08-5138 BHS/JKA, 2008 WL 2815542, at *1 (W.D. Wash. July 17, 2008) (declining to consider Petitioner's claim, raised for the first time on reply, that the failure to cross-examine a particular witness constituted IAC) (citing *U.S. v. 191.07 Acres of Land*, 482 F.3d 1132, 1137 n.2 (9th Cir.2007)). Moreover, even if Ledgard could rely on this failure to satisfy the deficient performance prong of *Strickland*, he presents no argument about why this line of questioning constituted prejudice, given that a number of other witnesses corroborate the correspondence evidence that was retrieved from Ledgard's computer.

Next, Ledgard challenges his counsel's "filing of deficient motions that the Defendant was unable to review beforehand for accuracy." Although Ledgard does not specify which motions were deficient, he presumably is referring to the motion to dismiss. As noted above, this motion was detailed, well argued, and actually resulted in the court dismissing certain counts from the indictment. Ledgard does not indicate what inaccuracies were contained in the brief or how additional review on his part would have improved his prospects. Indeed, substantially similar arguments were also presented by appellate counsel, whose performance Ledgard does not challenge and who presumably would have had the benefit of any additional input Ledgard sought to provide.

In a similar vein, Ledgard also raises his counsel's failure to submit proposed findings of fact and conclusions of law to the court. (Mot. 5.) Although Ledgard state this claim as a due process challenge, it is more properly understood as another instance of

6

his IAC claim and thus the court considers it here. Turning to the merits of the claim, the transcript from the third day of trial establishes that Ledgard's counsel represented to the court that he prepared this document but would prefer to orally present the differences between his and the government's view of the findings of fact and conclusions of law. Ledgard provides no significant reason to doubt this representation. Moreover, counsel also stated that the substance of his draft findings of fact and conclusions of law were primarily set forth in the motion to dismiss. Thus, Ledgard has not presented any basis for concluding that this tactical decision was objectively unreasonable. To the contrary, counsel's decision to orally present the divergence between the two parties' views of the findings of fact and conclusions resulted in securing a dismissal of multiple counts of the indictment. Moreover, as with his previous challenges, Ledgard has not shown what prejudice resulted, given that the motion to dismiss covered much of what might have been included in a filed version of the findings of fact and conclusions of law.

Finally, for the first time in his reply brief, Ledgard raises the possibility that his counsel may have failed to convey plea offers to him. (Reply 5.) Ledgard does not state that there was an actual plea offer he did not know about but instead claims that, because he was unable to access his email for a period of time, "it's impossible to tell whether [counsel] properly communicated any of the plea offers." (*Id.*) As with the failure to cross-examine the investigator claim, this argument is not properly before the court because it was raised for the time on reply. *See Miller*, 2008 WL 2815542, at \*1. Moreover, even if the court were to consider the claim, it would deny it as conjectural. There is no concrete allegation of a plea offer that defendant did not know about nor any evidence to suggest that he was not aware of all relevant plea offers. Furthermore, Ledgard does not claim, nor has he provided any evidence, that there was a reasonable possibility he would accept any hypothetical plea offers he may have missed. *See Jones v. Woods*, 114 F.3d 1002, 1012 (9th Cir. 1997) (to show prejudice where counsel fails to inform petitioner about a plea offer, petitioner must prove there was a reasonable probability he would have accepted the offer). To the contrary, during the criminal proceeding, the court

1 actually had to grant a motion to allow Ledgard to withdraw one guilty plea. *See Ledgard*

2 *v. United States*, 2:08-cr-00982-DDP (C.D. Cal. Aug. 02, 2010) (Dkt. 91).

3     **B. Due Process Claims**

4     In addition to his IAC claim, Ledgard seeks relief on two related due process

5 grounds. First, Ledgard claims that "government[] intentionally conflated arguments at

6 trial (many of which were based exclusively on expansive interpretations of statute and

7 false histrionics in Court related to emotionally-charged materials; and completely

8 devoid of precedent in any court of law) . . . ." (Mot. 5.) Second, Ledgard claims that "the

9 government also failed to prove beyond a reasonable doubt each and every one of the

10 required elements of the charged statutes in the indictment."(*Id.*) Although it is not clear

11 from the Motion what arguments Ledgard believes the government "intentionally

12 conflated," the thrust of these claims seems to be Ledgard's repeated contention that the

13 acts he was accused of engaging in do not actually constitute violations of the relevant

14 laws that provided the basis for his conviction. Indeed, in his motion, Ledgard expressly

15 reiterates that these arguments were "set forth in the Defendant's appellate brief before

16 the U.S. Court of Appeal for the Ninth Circuit." (Mot. 5.) The Ninth Circuit has already

17 ruled on these challenges and found that Ledgard's conduct did violate the laws at issue

18 and that his convictions were not premised on impermissibly "expansive interpretations

19 of statute[s]." (Mot. 5;) s*ee Ledgard*, 583 F. App'x at 654-55. Accordingly, these contentions

20 cannot provide a valid ground for granting Ledgard's habeas motion. *United States v.*

21 *Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal

22 are not reviewable in a subsequent § 2255 proceeding.")

23 **IV. CONCLUSION**

24     For the reasons stated above, the court DENIES Petitioner's Motion to Vacate

25 Sentence and DISMISSES the Petition. Further, the court DENIES Petitioner a certificate

26 of appealability, as Petitioner has not made a substantial showing that he has been

27 denied a constitutional right. *See* 28 U.S.C. § 2253(c) (providing that a certificate shall

28

8

issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

**IT IS SO ORDERED.**

Dated: May 16, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE